**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

DAVID SAUNDERS,

    Petitioner,

v.

U.S. PAROLE COM'N,

    Respondent.

Civ. Action No. 16-698(JHR)

MEMORANDUM AND ORDER

---

**RODRIGUEZ,** United States District Judge

    This matter comes before the Court on Petitioner's motion to appoint pro bono counsel in this habeas proceeding under 28 U.S.C. § 2241. (Mot. for Pro Bono Counsel, ECF No. 3). On February 9, 2016, this Court construed Petitioner's motions, filed in Criminal Action No. 99-590, as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and ordered Respondent to file an Answer. (Order, ECF No. 1.)

    In support of his motion for appointment of counsel, Petitioner asserts he lacks the legal ability to represent himself effectively, and he cannot afford to obtain counsel. A court may appoint counsel in a federal habeas proceeding when "the interests of justice" so require. 18 U.S.C. § 3006A(a)(2)(B). A court must appoint counsel when an evidentiary hearing is required. See Rule

8(c) of the Rules Governing § 2254 Cases in the United States District Courts, applicable to proceedings under 28 U.S.C. § 2241, by the scope of the rules, Rule 1(a). Typically, Section 2241 petitions are decided on the record of proceedings, without an evidentiary hearing.

In the Third Circuit, before appointing counsel for an indigent litigant in a civil case, the court must first determine if Plaintiff's claim has some merit in fact and law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). Petitioner's due process challenge to the revocation of his parole without an initial hearing potentially has some merit.

Next, the district court should weigh the following factors in deciding whether to appoint counsel:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. at 458 (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993).

2

Plaintiff asserts that he cannot afford counsel. He contends his legal issues are complex, and he lacks the ability to represent himself. Although Plaintiff used the wrong procedure to bring his claims, he adequately explained the factual and legal basis for his claims. The case will not require expert witnesses, and the Respondent is required to provide copies of transcripts of the relevant proceedings that are being challenged. See Rule 5 governing Section 2254 Cases in the United States District Courts ("The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts. . .") At this time, the factors do not weigh in favor of appointment of counsel. The Court will deny Petitioner's motion for appointment of counsel without prejudice.

IT IS therefore on this 11th day of April, 2016

ORDERED that Petitioner's Motion to Appoint Pro Bono Counsel (ECF No. 3) is DENIED without prejudice; and it is further

ORDERED that the Clerk of Court shall serve a copy of this Order on Petitioner by regular U.S. mail.

_____
Joseph H. Rodriguez
United States District Judge

3